UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH J. NUGENT, III,      )  | |
| )  | |
| Plaintiff      )  | |
| )  | |
| v.       )  | 1:16-cv-522-NT |
| )  | |
| STATE OF MAINE,       )  | |
| )  | |
| Defendant      )  | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e)**

In this action, Plaintiff Joseph J. Nugent, III, alleges that the Defendant State of Maine, acting through a district attorney, state court judges, court-appointed counsel, and others violated his civil rights in connection with a 2006 prosecution and conviction for assault, which conviction is evidently the basis for current or recent proceedings involving a state court bail violation.

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 3), which application the Court granted (ECF No. 8). In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Following a review of the pleadings, I recommend the Court dismiss Plaintiff's complaint.

STANDARD OF REVIEW

When a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

1

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## FACTUAL BACKGROUND[1]

According to Plaintiff, through the combined actions or omissions of the district attorney, state court judges, and multiple court-appointed attorneys, Defendant denied him of certain constitutional rights, including his right to counsel, in connection with an assault charge for which he was convicted. (Complaint at 1 – 3.) On Plaintiff's appeal from the assault conviction, the

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

Supreme Judicial Court of Maine affirmed the conviction, but vacated the sentence and remanded the case for resentencing.  *State v. Nugent*, 2007 ME 44, 917 A.2d 127, 128.

Plaintiff requests multiple forms of injunctive relief.  In particular, Plaintiff asks the Court to order the creation of a true record of his assault trial, direct the state courts to order the state court to appoint new counsel, quash certain arrest warrants, overturn the assault conviction, and conduct a grand jury investigation into the actions of all public officials identified in the complaint. (*Id.* at 6 – 7.)

## DISCUSSION

Plaintiff has named the State of Maine as the Defendant.  Although Plaintiff requests injunctive relief, the State of Maine has immunity under the Eleventh Amendment against suits brought by citizens in federal court, regardless of the form of relief requested.  *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 n. 6 (1st Cir. 2009) ("A plaintiff may seek prospective injunctive relief against a state official, but may not obtain such relief against a state or its agency because of the sovereign immunity bar of the Eleventh Amendment.").  Plaintiff, therefore, cannot pursue a claim in this Court against the State of Maine.

Assuming, *arguendo*, that Plaintiff also intends to pursue a claim against the individuals named in his complaint, a federal district court would have jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, over claims against persons exercising state authority.[2]  The Court, however,

---

[2] Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
> …

42 U.S.C. § 1983.

3

does not have jurisdiction to review the final judgments and decisions of state courts. *See Lance v. Dennis,* 546 U.S. 459, 460 (2006) (per curiam) ("The *Rooker–Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284, (2005))); *Silva v. Massachusetts,* 351 Fed. App'x 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'" (quoting *Lance,* 546 U.S. at 463)).

Here, Plaintiff clearly asks the Court to review the state court proceedings and to overrule decisions of the state court. Simply stated, this Court thus lacks jurisdiction to consider Plaintiff's claim.

### CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's complaint.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 27th day of October, 2016.